UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

                          Plaintiff,         Civil Action No. 15-12880
v.                                          Honorable Terrence G. Berg
                                                       Magistrate Judge David R. Grand

EQUIFAX INFO. SOLUTIONS, *et al.*,

                          Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS [15]

On August 11, 2015, *pro se* Plaintiff Michael Garrison filed a complaint against Defendant Equifax Information Services LLC ("Equifax")[1] (and a slew of other Defendants) alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and intentional infliction of emotional distress under Michigan state law. [1]. Garrison's Application to Proceed in District Court Without Prepaying Fees or Costs (or *In Forma Pauperis*) was approved by District Judge Terrence G. Berg on August 31, 2015. [4]. On April 28, 2016, Judge Berg referred this case to the undersigned for all pretrial purposes. [29]. Before the Court is Equifax's Motion to Dismiss. [15]. Garrison filed a response [24], and Equifax filed a reply [27]. Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

---

[1] Equifax was identified as "Equifax Info. Solutions" in Garrison's complaint. In the instant motion, Equifax provided its correct legal name. [15].

**A.     Report**

In its motion, Equifax requests that the Court dismiss Garrison's complaint because Garrison "did not effectuate proper service of process under either the Federal Rules of Civil Procedure or rules for service in Michigan." [15 at 1]. Equifax argues that Garrison previously filed three lawsuits against Equifax, so Garrison "is aware of the proper method to serve Equifax." [15 at 1, 3-4].

The requirements for securing proper service are found in Rule 4. Fed. R. Civ. P. 4(c)(1) provides that "[t]he plaintiff is responsible for having the summons and complaint served" within ninety days after filing the complaint, as required by Rule 4(m).[2] Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." The court must order this if both the plaintiff requests it and the plaintiff is authorized to proceed *in forma pauperis*. [*Id.*].

Regarding the appropriate method of service, Rule 4(h)(1) provides that a domestic corporation must be served by either following the law of the state where the district court is located or where service is made, as required by Rule 4(e)(1); or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Furthermore, "if the agent is one authorized by statute and the statute so requires," a copy of the summons and complaint must also be mailed to the defendant. Fed. R. Civ. P. 4(h)(1). Michigan state law provides that a domestic corporation that is doing business may be served by: (1) serving the summons and complaint on an officer or the resident agent; or (2) serving the summons and complaint on a

---

[2] Prior to December 1, 2015, the time limit for effectuating service was 120 days. *See* Fed. R. Civ. P. Rule 4 Advisory Committee Notes, 2015 Amendment ("The presumptive time for serving a defendant is reduced from 120 days to 90 days."). Whichever deadline is used is immaterial here, as well more than 120 days has elapsed since the filing of Garrison's complaint.

director, trustee, or person in charge of an office or business establishment of the corporation, and sending the summons and complaint by registered mail, addressed to the principal office of the corporation. M.C.R. 2.105(D). If the corporation has "failed to appoint and maintain a resident agent or to file a certificate of that appointment, as required by law," then the summons and complaint should be sent by registered mail to the corporation or to an appropriate corporation officer, and to the Corporate Division of the Michigan Bureau of Commercial Services. [*Id.*].

Equifax attached to its motion a copy of the envelope Garrison used to mail it a copy of the summons and complaint. [15, Ex. A]. The envelope shows that it was sent via first-class mail to "Equifax Info. Solutions" at P.O. Box 740256, Atlanta, GA 30348. [*Id.*]. In doing so, Garrison did not comply with Rule 4. On the envelope he mailed to Equifax, Garrison did not name an officer or agent authorized to receive service of process. Garrison's first-class mailing did not comply with Michigan state law either. In addition to not naming an officer or resident agent, the envelope did not name a director, trustee, or person in charge of an Equifax office or business establishment. And Garrison did not use registered mail to send Equifax the summons and complaint to its principal office. In the likelihood that Equifax had not appointed a resident agent or filed its certificate of appointment, Garrison also did not take the steps necessary to serve Equifax properly: Garrison did not send the summons and complaint by registered mail to Equifax or to the appropriate corporation officer, and he did not send the summons and complaint to the Corporate Division of the Michigan Bureau of Commercial Services.

Rule 4(l)(1) requires that proof of service be made to the court unless service is waived. The server's affidavit constitutes proof of service, except where service was carried out by a U.S. Marshal or deputy marshal. [*Id.*]. Here, Equifax has not waived service. And service was not

carried out by a U.S. Marshal or deputy marshal because Garrison did not request such service. [4]. Also, the server's affidavit has not been provided as proof of service. Furthermore, in his response to Equifax's motion to dismiss, Garrison failed to include evidence of proper service. [24]. Instead of showing the Court that he had effectuated proper service on Equifax, Garrison simply attacks Equifax's arguments. [*Id.*]. Interestingly, at no point does Garrison argue in his response that he did, in fact, execute proper service on Equifax. [*Id.*].

Regardless, the Court finds Garrison's arguments to be without merit. [24]. Garrison alleges that Equifax did not describe "with particularity" how the service of process failed to comply with the procedural requirements. [24 at 3]. But in its motion to dismiss, after laying out the procedural requirements, Equifax explains that Garrison "attempted service of process by placing a copy of the Complaint and summons in the United States mail to a post office box in Atlanta, GA." [15 at 12]. As noted above, Equifax included with its motion a copy of the envelope it received from Garrison, which corroborates its assertion. [15, Ex. A]. The Court finds that Equifax's motion and supporting exhibit make sufficiently clear its argument as to why Garrison failed to meet the procedural requirements for effectuating valid service of process.

This brings the Court to Rule 4(m), which provides that if a plaintiff fails to timely serve his complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Thus, even in the absence of "good cause," the Court retains discretion under Rule 4(m) to either dismiss the claims against Equifax without prejudice or order that service be made upon Equifax within a specified time. As explained in *Bradford v. Bracken County*, 767 F.Supp.2d 740, 753 (E.D. Ky. 2011):

> Rule 4(m)'s first sentence gives the Court discretion to dismiss the action or allow Plaintiffs additional time—the court "must dismiss the action ... *or* order that service be made within a specified time." (emphasis added). The Rule's second sentence eliminates the Court's discretion where good cause is shown—if the Plaintiffs show "good cause for the failure, the court *must* extend the time for service for an appropriate period." (emphasis added). Thus, the Court must first determine whether there is good cause for Plaintiffs' failure to timely execute service. If not, the Court must determine in its discretion whether to dismiss the action or allow Plaintiffs additional time.

Garrison did not show "good cause" for failing to properly serve Equifax, and the Court is thus not required to "extend the time for service." It must, however, determine whether to exercise its discretion under Rule 4(m) and grant Garrison additional time to complete proper service. In making that determination, the Court considers:

> whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

In addition to these factors, the Court is guided by Fed. R. Civ. P. 1, which provides that it (and, after the recent amendments, *the parties*) should construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."

Here, the Court finds that, overall, the above five factors, as well as Rule 1's considerations, mitigate in favor of granting Garrison a brief extension of time to properly serve Equifax. First, the Court notes that Garrison filed his complaint in August 2015, and Equifax filed its instant motion less than two months later. That more time has since elapsed is not Garrison's fault, and he does not require a significant extension of time to properly serve

5

Equifax. Second (and third), Equifax would not be prejudiced by a short extension of time, in large part because it has had actual notice of Garrison's lawsuit for almost a year. Fourth, a dismissal without prejudice could potentially prejudice Garrison's rights given the FCRA's two-year statute of limitations and Garrison's allegation that the wrongful acts began in November 2014. [1 at 2]. Fifth, although Garrison should have known that merely mailing the summons and complaint to Equifax would not constitute proper service, his conduct is not so egregious as to cause the Court not to exercise its discretion to afford him an opportunity to correct that deficiency.[3] Finally, the Court notes that other Defendants, who apparently received their respective summonses and complaints in the same manner as Equifax, have filed appearances in this action.[4] With there already being this live federal court action, the most efficient course is to permit Garrison a brief opportunity – 30 days – to properly serve Equifax.

B. Recommendation

For the reasons stated above, **IT IS RECOMMENDED** that Equifax's Motion to Dismiss **[15]** be **DENIED WITHOUT PREJUDICE** and that Garrison be given 30 days to properly serve Defendant Equifax, along with a warning that his failure to do so would be grounds for dismissing without prejudice his claims against that Defendant.

---

[3] Equifax's points about Garrison's litigation history, and the obligation for *pro se* litigants to follow the rules [15 at 12] are well taken. Although Garrison is appearing in this action *pro se*, he is expressly warned that he must follow all applicable rules and procedures, and his failure to do so may result in the imposition of a sanction, up to and including dismissal of his claims. Nevertheless, for the reasons stated herein, the Court should exercise its discretion to permit Garrison an opportunity to effectuate proper service.

[4] Three of the named Defendants – Verizon Wireless, TransUnion, L.L.C., and Experian Information Solutions, Inc. – filed answers to Garrison's complaint. [7, 13, 20]. However, three others – MCI Telecommunications, Sage Telecom, and AT&T Wireless – have not appeared in the action, and no proof of service has been filed as to these Defendants. Accordingly, on today's date, the Court issued an Order to Show Cause [34], requiring Garrison to establish proper proof of service on Defendants MCI, Sage, and AT&T within 30 days, or risk having his claims against them dismissed without prejudice.

Dated: July 25, 2016  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

7