UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

    Plaintiff,

v.

EQUIFAX INFO. SOLUTIONS,
*et al.*,

    Defendants.
_____/

Case No. 15-12880
Hon. Terrence G. Berg
Hon. David R. Grand

**ORDER ACCEPTING AND ADOPTING REPORT
AND RECOMMENDATION (DKT. 66) AND GRANTING
DEFENDANT SAGE TELECOM'S MOTION TO DISMISS (DKT. 46)**

This is a Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq*.) case. On March 28, 2016, the Court referred all pre-trial matters to Magistrate Judge David R. Grand (Dkt. 29). On September 6, 2016, Defendant Sage Telecom filed a motion to dismiss (Dkt. 46). Plaintiff filed a response (Dkt. 64), and Defendant Sage filed a reply (Dkt. 65). On November 21, 2016, Magistrate Judge Grand issued a report and recommendation, recommending that Defendant Sage's motion be granted.

The Court has carefully reviewed the Magistrate Judge's report and recommendation. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Dkt. 73). The Court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id*.

The crux of Magistrate Judge Grand's recommendation to dismiss Defendant Sage from this lawsuit is that Plaintiff's Complaint (Dkt. 1) fails to plead a viable cause of action against Defendant Sage. The Complaint asserts two causes of action against Defendant Sage – Count IV (a FCRA claim, under 15 U.S.C. § 1681s-2(a)(1)(B)) and Count V (intentional infliction of emotional distress). As to Count IV, Magistrate Judge Grand found that in order to properly state a claim for relief under the FCRA, Plaintiff must plead facts showing that he notified Defendant Sage of "specific information" that was, "in fact, inaccurate," and that Defendant Sage nevertheless reported that inaccurate information to a consumer reporting agency, 15 U.S.C. § 1681s-2(a)(B), or alternatively, that Defendant Sage "received notice" under § 1681i(a)(2) and "failed to conduct an investigation" and "report the results of the investigation to the consumer reporting agency," among other required steps. 15 U.S.C. § 1681s-2(b). Magistrate Judge Grand concluded that the Complaint failed to make these required allegations. In his objections, Plaintiff argues, in conclusory fashion, that he has alleged that "Sage Telecom knowingly reinserted false information into the Plaintiff's credit report." The Court has reviewed the Complaint, however, and this is not the case – there is no such allegation in the Complaint. Rather, as properly noted by Magistrate Grand, Plaintiff alleges in the Complaint that it was Defendant *Experian* who reinserted the disputed delinquent account on his credit report, and not Defendant Sage (Dkt. 1, ¶ 17). As such, Magistrate Judge Grand correctly concluded that Plaintiff has failed to state a viable FCRA claim against Defendant Sage. Thus, the

2

recommendation to dismiss Plaintiff's FCRA claim against Defendant Sage is accepted and adopted, and that claim is dismissed.

As to Count V (intentional infliction of emotional distress), Plaintiff does not mention this claim in his objections to the report and recommendation. As such, the Court finds that Plaintiff has waived any objection regarding this claim. The Court does, however, note that it has carefully reviewed Magistrate Judge Grand's recommendation to dismiss this claim, and finds that it is very well-reasoned and sound. As such, the recommendation to dismiss this claim is also accepted and adopted, and this claim is dismissed.

Accordingly, Magistrate Judge Grand's November 21, 2016 report and recommendation is hereby **ACCEPTED AND ADOPTED** as this Court's findings of fact and conclusions of law, and Plaintiff's objections (Dkt. 73) are **OVERRULED**. Defendant Sage's motion to dismiss (Dkt. 46) is hereby **GRANTED**, and Plaintiff's claims against Defendant Sage are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.


Dated: February 2, 2017        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE